UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION


HOWARD C. TIMBERLAKE,      )
                         )
          Plaintiff     )
                         )
      vs.             )     CAUSE NO. 3:11-CV-10 RLM
                         )
MICHAEL J. ASTRUE, Commissioner  )
of Social Security Administration,   )
                         )
         Defendant   )


OPINION and ORDER

This cause is before the court on Howard Timberlake's motion for attorney's fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412, following the court's entry of final judgment remanding the case to the Commissioner of Social Security for further proceedings. Mr. Timberlake requests an award of fees in the amount of $8,160.63 and costs of $377.53. The Commissioner hasn't opposed Mr. Timberlake's request.

The EAJA permits recovery of attorney fees based on "prevailing market rates," but not in excess of $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Mr. Timberlake has requested fees at the rate of $181.25 per hour for his attorney and $95 per hour for a paralegal. He argues that "the $125 per hour rate set by Congress in 1996 for EAJA claims is not sufficient to attract

competent counsel in the region," Mot., at 6, as evidenced by affidavits of four attorneys who handle Social Security cases in the Seventh Circuit and report that they base their fee requests on the statutory rate plus a cost-of-living increase for fees ranging from $165 to $500 per hour. *See* Mot., at 7 & Exhs. 4-7. Mr. Timberlake notes, too, that the cost of doing business for his counsel, *i.e.*, rent, supplies, staffing, health insurance, and research tools, has increased dramatically since 1996, warranting a cost-of-living adjustment.

In accordance with Section 204(d) of the Act, Mr. Timberlake has submitted an itemized statement from his attorney showing "the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Counsel explains that his $181.25 hourly rate for work performed in 2011 and 2012 is based on "the cost of living adjustments allowed by statute when employing the 'All items' figure provided by the Consumer Price Index," which he attached to the motion. Mot., at 3 & Exh. 1. The court finds that, "given the passage of time since the establishment of the hourly rate, a cost-of-living adjustment is warranted," and counsel's use of the Consumer Price Index to calculate an appropriate inflation adjustment is reasonable. Tchemkou v. Mukasey, 517 F.3d 506, 512 (7th Cir. 2008); *see also* Williams v. Astrue, No. 11 C 2053, 2013 WL 250795, at *2 (N.D. Ill. Jan. 23, 2013) ("Courts in this district have allowed claimants to use the Consumer Price Index to adjust hourly attorneys' rates to account for cost of living increases in EAJA cases."). As noted

above, the Commissioner hasn't challenged or objected to the hourly rate charged

or the amount of fees requested by Mr. Timberlake.

Based on the foregoing, the court GRANTS Mr. Timberlake's motion for an

award of fees under the Equal Access to Justice Act [docket # 35]. Pursuant to 28

U.S.C. § 2412(d), the court finds that Mr. Timberlake is entitled to an award of

fees in the amount of $8,160.63 and costs of $377.53.

SO ORDERED.

ENTERED:    February 26, 2013

                             /s/ Robert L. Miller, Jr.
                             Judge, United States District Court